By the; Coub.T:
We see no error in the judgment of the court upon the agreed statement of facts. The relator founds his rights to a mandamus against the commissioners upon the provisions of section 4938, Revised Statutes, which provides that:
“The commissioners of the several counties shall cause to-be constructed and kept in repair, in the manner prescribed by law all necessary bridges in villages and cities not having the right to demand and receive any portion of the bridge fund levied upon property within such corporations, on all state and county roads, free turnpikes, improved roads, transferred and abandoned turnpikes and plank-roads, which are of general and public utility, running into or through any such village or city.”
The duty here imposed is a part of the general duty to-“construct and keep in repair all necessary bridges over' streams and public canals on all state and county roads,”' imposed on county commissioners by section 860, Revised Statutes, and became necessary as a .limitation of section 2640, Revised Statutes, giving to cities and villages the supervision and control of all public highways and bridges-within their corporate limits, and requiring them “to keep-the same in repair and free from nuisances.” These sections all relate to the same subject, and must be construed together. As an effect of these provisions it became the duty of county commissioners to construct and keep in repair all bridges on the public highways of the county,, except such bridges as are within cities and villages that have the right to demand and receive a portion of the bridge fund.
The language, “shall construct all necessary bridges,” though imperative in form, cannot be construed to require the construction of any bridge irrespective of questions of expediency. The necessity for a bridge, requiring its immediate construction, must, in the prudent administration of the affairs of a county, be relative to many considerations — such as time, means, and the number of other bridges required by public convenience at other places in the county; and, all these things being considered, whether *305 the bridge should be constructed at once, is for the determination of the commissioners in the exercise of their administrative functions; and their determination in the matter cannot be controlled by mandamus. A bridge may' be necessary, but whether it should be constructed, or repaired, before others of equal or more pressing importance, cannot be determined by a court in opposition to the views of a board of commissioners, familiar not only with the resources, but with the wants of each and every part of the county. The expediency of building or repairing a bridge, however necessary, is an administrative and not a judicial question. Hence the “agreed fact” that the bridge is necessary, is immaterial upon the question whether the commissioners should be compelled by mandamus to repair it. The power to compel the construction or repair of a particular bridge) provided for by a special act, is not' involved in this case.

Judgment affirmed.